UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-725 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DESERT PINES VILLAS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counter-defendant Bank of America, N.A.'s ("BoA") motion for security of costs, pursuant to Nevada Revised Statute ("NRS") 18.130, against defendant/counter-plaintiff SFR Investments Pool 1, LLC ("SFR").[1]

SFR opposes the motion, stating that BoA mischaracterizes SFR as the plaintiff when BoA "hailed SFR into Court." (ECF No. 29 at 2). Next, SFR argues that BoA—not it—is the foreign corporation in this action. (*Id.*). SFR further asserts that citizenship and residency are not synonymous. (*Id.*). Finally, SFR asseverates that its counterclaims should not convert it into a plaintiff. (*Id.*). BoA filed a reply to its motion, arguing that the Nevada statute also governs counterclaimants and that "SFR is not a Nevada resident." (ECF No. 32 at 4–5).

"When a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant . . . ." NRS 18.130. Further, "[i]t is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions." *Feagins v. Trump Org.*, 2012 WL 925027 (D. Nev. 2012) (citing *Hamar v. Hyatt Corp.*, 98 F.R.D. 305,

---

[1] BoA appears as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP.

**James C. Mahan**
**U.S. District Judge**

305–6 (D. Nev. 1983); *Arrambide v. St. Mary's Hosp., Inc.*, 647 F.Supp. 1148, 1149 (D. Nev. 1986)).

Because NRS 18.130 is disjunctive, a plaintiff must be either a resident of another jurisdiction or a "foreign corporation" for that statute to apply. Assuming without deciding that SFR may be considered a "plaintiff" in the present issue, this court approves of Judge Dorsey's reasoning in *Ditech Financial, LLC v. Hollywood Highlands East Landscape Maintenance Association, Inc. et al.*, and adopts the same. 2016 WL 3751944 (D. Nev. July 13, 2016).

SFR, a limited liability company, is not a "foreign corporation" under Nevada law because the two classifications are distinct; NRS Chapter 86's treatment of limited liability companies and NRS Chapter 80's treatment of foreign corporations exemplify this divide.[2] *See Ditech Fin., LLC*, at *2 n.11 (citing *Weddell v. H2O, Inc.*, 271 P.3d 743, 748 (Nev. 2012)). Indeed, SFR's submitted business records indicate that it is a Nevada "Domestic Limited-Liability Company." (ECF No. 29-2 at 2).

Next, BoA asserts "that the citizenship and residence of a limited liability company depends on the citizenship of all of its members rather than whether the company does business in a particular state." (ECF No. 32 at 6) (quoting *Hunt v. Aurora Loan Serv., LLC*, 2011 WL 2200811, *1 (June 6, 2011, D. Or.) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990)). However, BoA's offered binding authority, *Carden*, involves the federal diversity jurisdiction statute, 28 U.S.C. § 1332—not the meaning of "citizenship" and "residency" in Nevada's statutory law. *See* 494 U.S. at 187; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (noting the difference between "citizenship" and "residency" in the 28 U.S.C. § 1332 diversity jurisdiction context); *Ditech Fin., LLC*, 2016 WL 3751944 at *2 n.12. Similarly, BoA has failed to discuss the meaning of "residence" within the context of Nevada law.

In light of this discussion, BoA has failed to persuade this court that NRS 18.130 applies to SFR in this case.

. . .

. . .

. . .

. . .

---

[2] That NRS 86.051 defines "[f]oreign limited-liability company" while NRS 86.061 defines "limited-liability company" compounds this distinction.

**James C. Mahan**
**U.S. District Judge**

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff BoA's motion
3  for security of costs (ECF No. 18) be, and the same hereby is, DENIED.

4  DATED December 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -