# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00725-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 46, 47) |
| DESERT PINE VILLAS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court are Plaintiff Bank of America, N.A.'s motions for protective order and for sanctions, both of which were originally filed on an emergency basis. Docket Nos. 46, 47. The motions relate to a deposition that was originally scheduled for October 24, 2016. Docket No. 46 at 2. Rather than resolving the motions on an expedited basis, the Court issued an order holding the deposition in abeyance pending resolution of the dispute. Docket No. 48. Defendant SFR Investments Pool 1, LLC ("SFR") subsequently filed a response to the motions, and Plaintiff filed a reply. Docket Nos. 55, 56. SFR also filed a sur-reply at the Court's invitation. Docket Nos. 66, 68. The Court finds these motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for protective order is **GRANTED** and the motion for sanctions is **DENIED**.

## I. BACKGROUND

This discovery dispute arises out of one of hundreds of quiet title actions involving homeowner foreclosure proceedings in the District of Nevada. Docket No. 46 at 2. It concerns one of the many Rule 30(b)(6)[1] depositions noticed by SFR to occur in Las Vegas, Nevada over an approximate one month period commencing on October 4, 2016. *Id.*

Plaintiff's motion for protective order contains two requests for relief. First, Plaintiff asks the Court to require the upcoming Rule 30(b)(6) deposition to be conducted in Dallas, Texas – where its corporate designee is located – or via video-conferencing. *Id.* at 13-15. Second, Plaintiff asks the Court to grant it complete protection from SFR's proposed deposition topics on the basis that the Ninth Circuit's holding in *Bourne Valley Court Tr. v. Wells Fargo Bank, Nat'l Ass'n*, 832 F.3d 1154 (9th Cir. 2016) "narrows this case to a question of law and eliminates the need for any discovery." Docket No. 46 at 6. In the alternative, Plaintiff requests that the Court limit the 30(b)(6) deposition to topics it submits are relevant under *Stone Hollow Ave. Tr. v. Bank of Am., Nat'l A'ssn*, No. 64955, 2016 WL 4543202 (Nev. Aug. 11, 2016), and *Bourne Valley*. Docket No. 46 at 6-12. Through its motion for sanctions, Plaintiff also seeks payment of its fees and costs in making its motion, pursuant to Rule 37(a)(5). Docket No. 47 at 15-17.

## II. STANDARDS

Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In determining whether discovery is proportional, the Court considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefits. *Id.*

---

[1] Unless otherwise stated, references to the "Rules" denote the Federal Rules of Civil Procedure.

Rule 26(b)(2)(C) further limits discovery. It requires the Court to limit the extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Active involvement of federal judges is necessary "to prevent discovery from becoming a war of attrition or . . . a device to coerce a party, whether financially weak or affluent." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016). Accordingly, the Court has broad discretion in wielding Rules 26(b)(1) and (2) to provide parties with efficient access to what discovery is needed while, at the same time, eliminating wasteful discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Roberts*, 312 F.R.D. 594, 604-04 (D. Nev. 2016).

**III.  DISCUSSION**

    i.    Deposition Topics

Plaintiff submits that no further discovery is necessary because the Ninth Circuit held Nevada Revised Statute chapter 116's "opt-in" notice scheme unconstitutional in *Bourne Valley*. Docket No. 46 at 6. SFR responds that, *inter alia*, *Bourne Valley* left open the remedy for the statutory provision's unconstitutionality. Docket No. 55 at 4.

After SFR filed its response and before Plaintiff filed its reply, the Ninth Circuit Court of Appeals declined a petition to rehear *Bourne Valley*. *See, e.g.*, Docket No. 56 at 2. Plaintiff's reply submits that this development strengthens its assertion that no further discovery is necessary. *See id.* at 2-3. On December 5, 2016, therefore, the Court issued an order inviting SFR to file a sur-reply addressing the Ninth Circuit's decision to decline the petition for rehearing. Docket No. 66. SFR then filed a sur-reply, in which it notes that the appellee in *Bourne Valley* intends to file a petition for a writ of *certiorari* in the United States Supreme Court. Docket No. 68 at 2. SFR further notes that it has moved to certify a question of law to the Nevada Supreme Court on related issues, and that

the application and effect of *Bourne Valley* remain open. *Id.* at 2-4.[2]

The Court agrees with the parties that *Bourne Valley*, which is now controlling law in this Circuit, may be dispositive of this case. In the event that it is not dispositive, however, SFR's proposed deposition topics are not proportional to the needs of this case. The Court agrees with Plaintiff that the topics regarding Plaintiff's tender are the only topics proportional to the needs of this case. Therefore, the 30(b)(6) deposition may move forward, and Plaintiff shall prepare a witness to testify on the following topics:

- Plaintiff's communications and efforts to tender the super-priority portion of the homeowners association's lien;
- Non-privileged information related to tender;
- Plaintiff's interest in the deed of trust;
- Who the beneficiary of the deed of trust was at the time the homeowners association foreclosed, and who is currently the beneficiary; and
- Any other entities that have an interest in the deed of trust and the nature of that interest.

ii. Deposition Location

As a general rule, a plaintiff is required to sit for a deposition in the district where it brought suit. *Bank of Am., Nat'l Ass'n v. SFR Invs. Pool 1 LLC*, No. 2:15-cv-01042, 2016 WL 2843802, at *4 (D. Nev. May 12, 2016). This rule is premised on the proposition that, since the plaintiff selected the forum, it should not be heard to complain about having to appear there for deposition.

---

[2] Notably, SFR's opposition to the idea that *Bourne Valley* is dispositive in this instance conflicts with its assertions in other briefing. For example, in its joint motion to stay, SFR states that "the Ninth Circuit's ultimate resolution of this issue may have a dispositive effect on this litigation." Docket No. 42 at 3. Additionally, in its reply in support of the joint motion to stay, SFR quotes with approval Chief United States District Judge Gloria M. Navarro's assertion that "*Bourne Valley* is likely dispositive of this and the hundreds of other foreclosure cases pending in both state and federal court." Docket No. 45 at 4 (quoting *Bank of Am., Nat'l Ass'n v. Travata & Montage at Summerlin Centre Homeowners' Ass'n*, No. 2:16-cv-00699-GMN-PAL, Docket No. 45 at 2) (internal quotation marks omitted).

*Id.* "This rule need not be adhered to, however, if [the] plaintiff can show good cause for not being required to come to the district where the action is pending." *Id.*

Notably, the Court already addressed this dispute with the same counsel in *Bank of Am., Nat'l A'ssn v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-00691. At a hearing on March 14, 2016, after considering counsel's positions, the Court stated:

> The Court, in looking at the proportionality, agrees that if no one needs to travel, it should be a video deposition. If, however, Bank of America determines that someone needs to travel, it will not be the attorney, it will be the Bank of America representative. So if no one needs to travel, the deposition can occur in Dallas over video-conferencing, otherwise it needs to occur in Las Vegas.

Hearing Transcript at 51:45-52:35. Despite this guidance, the same counsel subsequently returned to the Court with the same dispute in *Bank of Am., Nat'l Ass'n v. Auburn & Bradford at Providence Homeowners' Ass'n*, No. 2:16-cv-00393. On August 1, 2016, the Court reaffirmed its prior holding, stating: "Plaintiff's Rule 30(b)(6) designee shall appear for the deposition in Dallas, Texas by video-conference." *Auburn & Bradford*, Docket No. 67 at 3. Three days later, counsel returned to the Court with the same dispute yet again in *Bank of New York Mellon v. Paradise Court Homeowners Ass'n*, 2:16-cv-00390. On August 5, 2016, the Court issued an order advising that "[i]t is time for counsel to take the guidance the Court has already given them in order to resolve the dispute among themselves." *Bank of New York Mellon*, Docket No. 53 at 2.

SFR now submits that it refused to agree to video-conferencing in this case because Plaintiff's counsel in *Bank of New York Mellon* flew to Dallas instead of remaining in Las Vegas. Docket No. 55 at 18. Plaintiff asserts that Plaintiff's counsel has defended depositions in Las Vegas and in Dallas, depending on which location is most convenient and efficient. Docket No. 56 at 10.

The Court holds that, in this and <u>all substantially similar situations</u> moving forward, Plaintiff's 30(b)(6) designees may appear for depositions remotely by video-conference. Additionally, Plaintiff's counsel may choose to either travel or remain in Las Vegas.

Plaintiff seeks fees and costs pursuant to Rule 37(a)(5) because SFR has refused to agree to depose Plaintiff's representative by video-conference, despite the Court's previous guidance. Docket

No. 47 at 15-17. The Court declines to award fees and costs in this instance.

**IV.   CONCLUSION**

  Accordingly, for the reasons stated above, Plaintiff's motion for protective order, Docket No. 46, is hereby **GRANTED**.  SFR may only inquire about the topics listed *supra* at 4:8-4:15. Plaintiff's Rule 30(b)(6) designee shall appear for the deposition in Dallas, Texas by video-conference.  Plaintiff's counsel may choose to participate from either Las Vegas or Dallas. Plaintiff's motion for sanctions, Docket No. 47, is hereby **DENIED**.

  IT IS SO ORDERED.

  DATED:   January 13, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge